IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK PIZZELLA,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>     Plaintiff,<br><br>  v.<br><br>THE WHITE HOUSE DAYCARE CENTER, LLC,<br>a limited liability company, THE WHITE HOUSE<br>DAYCARE CENTER 2, INC., a corporation, and<br>MARIBEL RODRIGUEZ, individually and as owner<br>of the aforementioned businesses,<br><br>     Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Patrick Pizzella, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin THE WHITE HOUSE DAYCARE CENTER, LLC, a limited liability company, THE WHITE HOUSE DAYCARE CENTER 2, INC., a corporation, and MARIBEL RODRIGUEZ, an individual, (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant THE WHITE HOUSE DAYCARE CENTER, LLC ("WHITE HOUSE DAYCARE 1"), is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with a place of business at 336 South 18th Street, Reading, PA 19602. Defendant is engaged in the operation of a day care center located at 336 South 18th Street, Reading, PA 19602, within the jurisdiction of this court.

3. Defendant THE WHITE HOUSE DAYCARE CENTER 2, INC. ("WHITE HOUSE DAYCARE 2"), is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a place of business at 777 Court Street, Reading, PA, 19601. Defendant is engaged in the operation of a day care center located at 777 Court Street, Reading, PA, 19601, within the jurisdiction of this court.

4. Defendant MARIBEL RODGRIGUEZ ("Rodriguez") is the owner of WHITE HOUSE DAYCARE 1 and WHITE HOUSE DAYCARE 2. During the relevant period, Rodriguez was responsible for hiring and firing employees, setting schedules, setting employees' pay rates, controlling the work to be done by employees and ordering supplies. Rodriguez held meeting with employees to discuss the operations of WHITE HOUSE DAYCARE 1 and WHITE HOUSE DAYCARE 2 and was in involved in their daily operations.

5. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose of providing day care services and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in the operation of a preschool within the meaning of Section 3(s)(1)(B).

7. Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by employing workers such as teachers, bus drivers, and supervisors in an enterprise engaged in the operation of a preschool and compensating these employees at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least March 24, 2017 through at least March 23, 2019, Defendants failed to pay nineteen (19) employees at WHITE HOUSE DAYCARE 2 for the applicable minimum wage for all hours worked. Defendants paid wages employees at WHITE HOUSE DAYCARE 2 semi-monthly, *i.e.*, every 15 or 16 days, but its payroll only included biweekly dates, *i.e.*, every 14 days. Therefore, employees at WHITE HOUSE DAYCARE 2 were not compensated for 1 or 2 days of actual work per pay period. Employees at WHITE HOUSE DAYCARE 2 were also not compensated for monthly mandatory meetings. This resulted in employees at WHITE HOUSE DAYCARE 2 receiving less than $7.25/hour in certain workweeks.

8. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in the operation of a preschool for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least May 10, 2017 through at least May 9, 2019, WHITE HOUSE DAYCARE 1 failed to compensate employees who worked over 40 hours in a workweek one and one-half times their regular rate. Five (5) employees at WHITE HOUSE DAYCARE 1 worked in excess of 40 hours in many workweeks but did not receive time and one-half their regular rate for their overtime hours due to payment of straight time for hours worked over 40 in a workweek. During the time period from at least March 24, 2017 through at least March 23, 2019, WHITE HOUSE DAYCARE 2 failed to compensate employees who worked over 40 hours in a workweek one and one-half times their regular rate. Six (6) employees at WHITE HOUSE DAYCARE 2 worked in excess of 40 hours in many workweeks but did not receive time and one-half their regular rate for their overtime hours due to the discrepancy between semi-monthly payment of wages and bi-weekly payroll, and failure to compensate for monthly mandatory meetings.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve records containing employees' hours worked each workday and total hours worked each workweek; total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation; and total premium pay for overtime hours. 29 C.F.R. §§ 516.2(a)(7), (8), (9).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of March 24, 2017 through March 23, 2019, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after March 23, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

> Respectfully submitted,
>
> Kate S. O'Scannlain
> Solicitor of Labor
>
> Oscar L. Hampton III
> Regional Solicitor
>
> */s/ Ethan Dennis/*
> By: Ethan M. Dennis
> PA ID# 308871
> Office of the Solicitor, Region III
> Suite 630 East, The Curtis Center
> 170 South Independence Mall West
> Philadelphia, PA 19106-3306
> (215) 861-5142 (Phone)
> (215) 861-5162 (Fax)
> Dennis.Ethan.M@dol.gov
>
> U.S. DEPARTMENT OF LABOR
>
> Attorneys for Plaintiff